STRAKA *v.* THE CLEVELAND RY. CO.

(Decided November 11, 1929.)

*Messrs. Anderson & Lamb*, and *Messrs. Cerrezin & Wilson*, for plaintiff in error.

*Messrs. Squire, Sanders & Dempsey*, for defendant in error.

MIDDLETON, P. J. This is a proceeding in error to reverse a judgment of the court of common pleas of Cuyahoga county, in which the plaintiff in error here, Barbara Straka, was the plaintiff, and the defendant in error was the defendant. We will refer to the parties, therefore, as plaintiff and defendant.

The action in the court of common pleas was an appeal from the findings and decision of the Industrial Commission of Ohio, whereby the application of the plaintiff for compensation for the death of her husband, one Joseph Straka, was denied and rejected by said Commission.

The facts appearing from the record herein show a very unusual situation. It appears from the record that the husband of plaintiff, Joseph Straka, while in the employ of the defendant company, and in the course of his employment, received an injury to the index finger of his left hand from which an infection developed that subsequently caused his death. The defendant company at that time was self-insured, and it made a report to the Industrial Commission of the death of its employee. Later it seems that the plaintiff herein made an application to the Industrial Commission for an adjustment of her claim against the defendant, which application, as before observed, was denied by the Industrial Commission for the reason, as appears from the record, that said commission found that the claimant had elected to bring an action in the common

pleas court against the defendant on account "of the wrongful death of decedent, rather than invoke the jurisdiction of the commission for compensation in accordance with the provision of the Workmen's Compensation Act; that the Court of Common Pleas, Cuyahoga County, took jurisdiction and rendered final judgment, which judgment still stands."

Plaintiff, as before observed, thereupon appealed to the court of common pleas and filed her petition in that court in the instant case, alleging that the death of her husband was due to the wrongful acts of negligence of the defendant, and claimed damages in the sum of $5,000. To this petition the defendant company filed an answer in which it alleged among other things, that, on or about November 5, 1920, the plaintiff, as the duly appointed, qualified, and acting executrix of the last will and testament of said Joseph Straka, exercised her option to institute an action against the defendant company, as provided in Section 1465-76 of the General Code; that said action was predicated upon the claim that the death of said Joseph Straka was due to the failure of the defendant company to comply with the lawful requirements of the statutes of this state, and that such proceedings were then had in said case; that in the trial thereof on November 30, 1920, a jury was impaneled and sworn, a verdict in favor of the plaintiff for the sum of $500 returned, and judgment entered by the trial court upon such verdict.

The controlling fact in this proceeding grows out of the effectiveness of that judgment as a defense herein. It appears that in the trial of the instant case a jury was waived, and the case was submitted to the court upon an agreed statement of facts, and

certain exhibits, which were principally written copies of letters and the proceedings before the Industrial Commission. We think it important to observe at this time that the record further shows that the plaintiff, as executrix of her husband's will, received two-thirds of the judgment rendered in the former case, although in the instant case, by way of reply, she alleges that the former suit was not authorized by her; that she did not sign the petition therein, nor did she authorize any attorney to sign the same, and that she was not present in the court when said case came on for trial.

There are many other circumstances connected with the history of this case which under some conditions might be necessary to observe, but in our view of the case we have stated all facts which we regard as bearing upon the proper determination of the rights of the parties.

It is contended by the plaintiff that the court of common pleas, in the first case, had no jurisdiction of the action by reason of the fact that it was not commenced within two years after the death of the decedent. It was admitted in the instant case that the suit in the first proceeding was not instituted within the statutory period as fixed by the provisions of Section 10772, General Code, and that more than two years had elapsed after the death of the decedent when the action was filed.

It is urged that because the trial court did not have jurisdiction, for the reason stated, the judgment in that case was and is wholly void, and the facts pleaded in reference thereto state no defense.

We have given this contention more than ordinary attention and are unable to adopt it as sound. On

the contrary, it is our conclusion that notwithstanding the fact that it appears from the record herein, and is admitted that the plaintiff in the original suit had no right of action by reason of the lapse of two years time, or by reason of the fact that she had elected to submit her claim to the Industrial Commission, yet the judgment rendered in that case was a final judgment and an adjudication of her legal rights against the defendant company.

The court of common pleas, under the provisions of Section 11215, General Code, had general jurisdiction of the claim made by the plaintiff in that action, because that claim was a claim for money in an amount more than that for which a justice of the peace has original jurisdiction. This general jurisdiction of the court certainly gave it an unquestioned right to make some disposition of the suit when it was instituted in that court.

It would indeed be an extraordinary interpretation of the powers of that court to say that it was wholly devoid of any authority to take any action whatever in a suit properly filed for an amount covered by the general jurisdiction of the court.

It is impossible to deny that court at least the right to determine its own jurisdiction, if we assume that the plaintiff in that suit had no right of action. If it be true that the court was required to determine that the plaintiff had a right of action before it proceeded to hear the case, the facts necessary to give it jurisdiction are what may be termed quasi-jurisdictional facts. Now this is the limit to which we may go in considering the contention of the plaintiff. It must be understood that we are not holding that such necessity did exist, but, if it did exist, then

admittedly the trial court primarily had quasi-jurisdiction of the case. This jurisdiction is well discussed in Section 350, Volume 1 of Freeman on Judgments (5th Ed.). After reviewing conditions under which quasi-jurisdictional facts are involved it is there said:

"Without the allegation and proof of such facts it could not rightfully proceed to adjudicate the matter involved. If the circumstances which give rise to the jurisdiction do not exist in a particular case the authority to act does not arise. But the question as to whether or not they do in fact exist is a matter primarily for the court whose powers are invoked, and it has jurisdiction to examine and determine whether the particular application is within or beyond its authority. Its decision in this respect is itself the exercise of a power conferred by the pleading or other act invoking its jurisdiction, and if such decision is incorrect, whether because of lack of evidence or for any other reason, it is none the less binding upon the parties unless and until set aside on appeal or by some other proceeding for that purpose. For jurisdiction to decide includes power to decide erroneously and to make the decision binding collaterally."

This text appears to be amply supported by authority, and we are persuaded is decisive of the controversy here. The author, however, in the same section further says:

"In general, therefore, where the right of the court to assume jurisdiction of a cause and proceed to judgment depends upon the ascertainment of facts in pais and the court retains jurisdiction, it thereby impliedly adjudges that the requisite jurisdictional

facts exist and having found such facts in favor of jurisdiction, its decision in this respect, whether erroneous or not, cannot be questioned in a collateral proceeding, for a presumption arises in such cases, when the validity of the judgment is attacked, that the necessary jurisdictional facts were proven.''

Now in the instant case there is no complete record of what was submitted to the jury in the trial of the original suit. There is an exhibit in the record in the instant case which purports to be a copy of the petition filed in the original action. It is said the original was lost. This copy upon examination fails to give any date whatever, from which it would appear that the action was not instituted within the time provided by statute. It is possible and appears probable that this particular matter was never brought to the attention of the trial court, but this is mere conjecture.

It is clear that in any view of the case the original judgment is beyond collateral attack. We are, therefore, impelled to conclude that the defense of that judgment is sufficient to preclude a recovery in the instant case without any further reference to other questions involved here.

We do not, of course, consider any equitable grounds on which the original judgment might be attacked.

For the reasons above stated the judgment of the lower court is affirmed.

*Judgment affirmed.*

MAUCK, J., concurs.

Judges MIDDLETON and MAUCK, of the Fourth Appellate District, sitting by designation in the Eighth Appellate District.